IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD ONYEUKWU,

        Petitioner,                       OPINION AND ORDER

v.                                                 16-cv-697-wmc

PAUL KEMPER, Warden,
Racine Correctional Institution,

        Respondent.

---

Under 28 U.S.C. § 2254, petitioner Bernard Onyeukwu challenges his 2011 conviction in Grant County, Wisconsin, Circuit Court on: two counts of second-degree sexual assault of a mentally ill victim; one count of third-degree sexual assault; and one count of fourth-degree sexual assault. Specifically, Onyeukwu seeks federal habeas relief on two grounds previously adjudicated on the merits by the Wisconsin Court of Appeals: (1) his trial counsel provided ineffective assistance of counsel by failing to challenge certain of the charged counts as "multiplicitous"; and (2) Wisconsin's repeal of its risk reduction program violated the Ex Post Facto Clause.[1] For the reasons stated below, the petition will be denied on both grounds.

---

[1] Petitioner was initially allowed to proceed on five claims. *See* dkt. ## 2, 17. In his supporting brief, however, he abandons three of them, admitting that one is procedurally defaulted and the other two are not subject to habeas relief. (Dkt. # 11:1.)

1

FACTS[2]

According to the criminal complaint, on April 8, 2011, Onyeukwu approached a 22-year-old woman, threatened her, and forced her into his vehicle. The victim, T.L., was mildly mentally retarded and functioned at the level of a six- to eight-year-old child. Onyeukwu was alleged to have kept T.L. with him throughout the day, eventually taking her to his son's medical appointment and school. Onyeukwu allegedly then took the victim to his house, where he sexually assaulted her.

The State charged Oneyeukwu with kidnapping and ten counts of sexual assault. The latter ten counts were based on five acts, each involving a different type of sexual contact: breast, mouth-to-vagina, penis-to-mouth, finger-to-vagina, and penis-to-vagina. Five counts alleged that Onyeukwu committed these acts without the victim's consent; the other five alleged that Onyeukwu engaged in the same five acts with a mentally deficient person. The jury ultimately convicted Onyeukwu of four of the ten charged sexual assault charges: engaging in breast contact and penis-to-vagina intercourse both without the victim's consent (the third- and fourth-degree sexual assault convictions) and for engaging in those same acts with a mentally-deficient person (the two, second-degree sexual assault convictions).

Onyeukwu appealed his convictions to the Wisconsin Court of Appeals. As relevant here, he argued that his trial counsel should have objected that his convictions for multiple

---

[2] These facts are drawn from the Wisconsin Court of Appeals' unpublished decision in *State v. Onyeukwu*, 2014AP518-CR, 2015 WI App 28, 361 Wis. 2d 285, 862 N.W.2d 619, as well as relevant portions of the record before this court.

sexual assaults improperly divided one sexual encounter into separate counts based on the different types of sexual contact.[3] Analyzing only the four counts on which Onyeukwu was convicted,[4] the court of appeals framed Onyeukwu's argument as follows:

> [G]iven T.L.'s testimony, a conviction for breast contact is multiplicitous with a conviction for penis-to-vagina intercourse. That is, Onyeukwu contends that these four convictions should be just two: a conviction based on the victim being mentally deficient and a conviction based on lack of consent.

*Id*. at ¶ 37.

The court had "little trouble" rejecting this argument. *Id*. First, it observed that in *Harrell v. State*, 88 Wis. 2d 546, 277 N.W.2d 462 (Ct. App. 1979), the Wisconsin Court of Appeals had "reached the common-sense conclusion that, for purposes of a multiplicity analysis, '[i]nvasion of different intimate parts of the victim's body demonstrates kinds and means of sexual abuse or gratification and therefore different acts.'" *Id*. at ¶ 38. Second, the court distinguished Onyeukwu's case from *State v. Hirsch*, 140 Wis. 2d 468, 474-75, 410 N.W. 2d 638 (Ct. App. 1987), where the court upheld a multiplicity challenge involving one, very brief and continuous act -- the defendant having rubbed or otherwise touched a small child's vaginal and anal areas with his hand -- rather than three separate

---

[3] The court of appeals found that Onyeukwu did not argue that it was multiplicitous for the jury to convict him for sexual assault without consent and sexual assault of a mentally incompetent person based on the same acts, and Onyeukwu does not challenge that finding here. *Onyeukwu*, at ¶ 35.

[4] The court of appeals also found -- and Onyeukwu does not challenge -- that he failed to develop any argument as to how he was prejudiced by his trial counsel's failure to raise a multiplicity challenge to the six sexual assault charges for which Onyeukwu was acquitted. *Id.* at ¶ 34.

acts of touchings as originally alleged. In explaining why Onyeukwu's case was more similar to the facts in *Harrell* than to those in *Hirsch*, the Wisconsin Court of Appeals noted:

> T.L. testified that, while she and Onyeukwu sat on the couch in Onyeukwu's home, Onyeukwu touched her breast and that, during the time they were on the couch, Onyeukwu did not touch her anywhere else. Onyeukwu then told T.L. to stand up and go over by a beanbag. T.L. complied, and Onyeukwu removed T.L.'s pants and underwear before telling T.L. to lie down. T.L. again complied, and Onyeukwu got on top of her and put his penis into her vagina. Thus, T.L.'s testimony shows that the breast contact and the penis-to-vagina intercourse involved a change in location and activity that gave Onyeukwu time to reflect and recommit himself to additional criminal conduct, and that the two acts were not part of the same "general transaction or episode" as we used that phrase in *Hirsch*.

*Id*. at ¶ 41. Finding no merit to Onyeukwu's multiplicity argument, therefore, the court found that his trial counsel had not been ineffective in failing to raise it. *Id*. at ¶ 42.

In addition to his multiplicity challenge, Onyeukwu challenged his sentence, arguing that the Wisconsin Legislature's repeal of the risk reduction program, which was in effect when he committed his crimes, denied him its benefits in violation of the Ex Post Facto Clause. However, the Wisconsin Court of Appeals found that Onyeukwu had not met his burden of overcoming the presumption that the repeal was a constitutional legislative act. *Id*. at ¶ 62 (citing *State ex rel. Singh v. Kemper*, 2014 WI App 43, ¶ 9, 353 Wis.2d 520, 846 N.W.2d 820). Specifically, the court observed that the "touchstone" of any *ex post facto* inquiry was "whether a given change in law presents a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id*. at ¶ 73, (citing *Peugh v. United States*, 569 U.S. 530 (2013)). Here, Onyeukwu's challenge was based on the *Singh* decision, in which the Wisconsin Court of Appeals found that the Legislature's elimination

4

of early release at a rate of one day of "positive adjustment time" for every two or three days of good behavior in prison violated the Ex Post Facto Clause if applied retroactively. *Id*. at ¶ 64. However, the court was unpersuaded that Onyeukwu had shown a similar ex post facto as *Singh*, explaining:

> [T[he now-repealed risk reduction statute does not appear to contemplate any means for calculating a specific number of days for early release. Instead, the statute gives the state department of corrections discretion to develop and amend an inmate's "programming and treatment" "plan," and to determine whether an inmate satisfactorily complied with the plan. *See* Wis. Stat. § 302.042(1), (2)(b), and (3). Only after the department of corrections determines compliance does the inmate become eligible for release under the program. *See* § 302.042(4). Onyeukwu does not address these apparent differences between the early release programs in *Singh* and the risk reduction program.
>
> Accordingly, Onyeukwu fails to persuade us that repeal of the risk reduction program created a "sufficient risk of increasing the measure of punishment." *See Peugh*, 133 S.Ct. at 2082 (quoted source and internal quotation marks omitted). Rather, his limited arguments leave us in the realm of "speculation or conjecture." *See id*. Onyeukwu does not overcome our presumption that the repeal is constitutional.

*Id.* at ¶¶ 65-66.

The Wisconsin Supreme Court subsequently denied Onyeukwu's petition for review. Onyeukwu is presently confined at Racine Correctional Institution.

## DISCUSSION

When, as here, a state prisoner challenges a state court conviction on grounds that were adjudicated on the merits in state court, the petitioner must establish that the state court's adjudication of the claim was "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law if the rule the decision applies differs from governing law set forth in Supreme Court cases. A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949–50 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002), and *Williams v. Taylor*, 529 U.S. 362, 407 (2000)). The court applies these standards to the decision of the last state court to adjudicate a given claim on the merits, in this case, the Wisconsin Court of Appeals. *Williams v. Bartow*, 481 F.3d 492, 497–98 (7th Cir. 2007).

I. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test requires petitioner to show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) petitioner was prejudiced as a result of the deficient performance. Here, the success of petitioner's ineffective assistance claim rises and falls with his claim that the counts of breast touching and sexual intercourse were multiplicitous. If that claim

has no merit, then petitioner was not prejudiced by his counsel's "failure" to raise a multiplicity objection.

The Double Jeopardy Clause protects a defendant against: (1) successive prosecutions; (2) multiple charges under separate statutes requiring proof of the same factual events; and (3) multiple charges under the same statute. U.S. const. amend. V. The multiplicity doctrine arises under the third of these protections. *See Sanabria v. United States*, 437 U.S. 54, 65 n. 19 (1978). As here, if a defendant is convicted of violating one statute multiple times, "the question is whether the facts underlying each count were intended by [the Legislature] to constitute separate 'units' of prosecution." *Bell v. United States*, 349 U.S. 81, 83–84 (1955). In other words, when determining whether the imposition of multiple punishments and/or convictions in a single prosecution violates the Double Jeopardy Clause, "clearly established" Supreme Court precedent requires a court to ascertain whether the multiple punishments and/or convictions comply with the legislative intent of the applicable statutes. *Id*.

As noted above, the Wisconsin Court of Appeals found no merit to petitioner's argument that the sexual assault counts of which he was convicted should have been treated as a single episode. Moreover, as the state points out, this court may not review the state court's determination that the counts were not multiplicitous if that conclusion rested purely on state law. *See King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016) (federal habeas court cannot review ineffective assistance claim where state court concluded that, as a matter of state law, it would have been futile for counsel to raise the objection). Notably,

in determining that petitioner's touching the victim's breast and having penis-to-vagina intercourse with her constituted separate acts that justified separate charges, the Wisconsin Court of Appeals relied on its own precedents in *State v. Hirsch*, 140 Wis. 2d at 473-74, and *Harrell v. State*, 88 Wis. 2d at 560, 277 N.W.2d at 467, both of which were obviously state cases that interpreted Wisconsin's sexual assault statute.  In *Harrell*, 88 Wis. 2d at 560, the Wisconsin Supreme Court held that the double jeopardy clause did not prohibit the defendant from being convicted of two separate violations of Wisconsin's rape statute, where the defendant engaged in two acts of sexual intercourse with the victim "separated by considerations of fact and time."  And in *Hirsch*, the Wisconsin Court of Appeals recited the holding of *State v. Eisch*, 96 Wis. 2d 25, 34-36, 291 N.W. 2d 800 (1980), which determined as a matter of legislative intent that a defendant could be charged with multiple violations of Wisconsin's sexual assault statute where the defendant committed multiple assaultive acts involving bodily intrusions that were "different in nature and character" and required a "separate volitional act."

    Similarly, in rejecting petitioner's multiplicity challenge, the Wisconsin Court of Appeals relied on Wisconsin case law to conclude that petitioner's acts of touching the victim's breast and having intercourse with her were sufficiently different in time, nature and character to constitute separate volitional acts and allow separate punishments for each.  Because this conclusion rests on state law, it is not reviewable under § 2254. *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991) ("A claim that the state court

8

misunderstood the substantive requirements of state law does not present a claim under § 2254.")

Even if this court could review the state appellate court's conclusion, the Wisconsin Court of Appeals' rejection of petitioner's multiplicity claim was not contrary to, nor an unreasonable application of, clearly established double jeopardy law as determined by the United States Supreme Court. Petitioner has cited, and this court is aware of, no Supreme Court case holding that the Double Jeopardy Clause bars a state from convicting a defendant of multiple offenses of sexual assault where the evidence establishes two, separate acts in different locations, at different times, and allowing for different volitional decisions by the defendant. Accordingly, the Wisconsin Court of Appeals' conclusion to the contrary appears reasonable and consistent with federal law, both statutory and constitutional. Because a multiplicity objection would have been futile, therefore, petitioner is not entitled to federal habeas relief on his ineffective assistance of counsel claim.

## II. Ex Post Facto

Neither is petitioner entitled to federal habeas relief on his Ex Post Facto Clause claim, although the issue is a closer one. As the Wisconsin Court of Appeals recognized, petitioner had to show that the change in law presented a "sufficient risk of increasing the measure of punishment attached to the covered crimes" to establish an *ex post facto* violation. *Onyeukwu*, 2015 WI App 28, ¶ 63 (quoting *Peugh v. United States*, 569 U.S. 530,

539 (2013)). Because the Wisconsin Court of Appeals used the controlling U.S. Supreme Court legal framework, federal habeas relief is available only if the petitioner can show the Wisconsin Court of Appeals "unreasonably applied" that framework to his claim. 28 U.S.C. § 2254(d)(1). To meet this burden, petitioner must show that the state court's *ex post facto* ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Stated differently, this court must deny the petition so long as it is within the "realm of possibility" that fair minded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016). Finally, "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

At least in this court's view, petitioner cannot meet this exacting standard. As the Supreme Court made clear in *Peugh*, "[t]he question when a change in law creates such a risk is 'a matter of degree'; the test cannot be reduced to a 'single formula.'" 569 U.S. at 539 (quoting *California Dept. of Corrections v. Morales*, 514 US. 499, 509 (1995)). Here, although arguable, fairminded jurists could agree with the state appellate court that petitioner had not demonstrated the specific program change at issue created a sufficient risk of increasing his punishment. Most notably, unlike the programs repealed in *Singh*, which had a specific, mathematical formula for awarding positive adjustment time (PAT) towards early release (i.e., one day of PAT for every two or three days of good prison behavior), the court of appeals found the risk reduction program "[did] not appear to

10

contemplate any means for calculating a specific number of days for early release," but instead gave the Wisconsin Department of Corrections ("DOC") discretion both to develop an inmate's treatment plan *and* to determine whether he complied satisfactorily with it. *Onyeukwu*, 2015 WI App 28, at ¶ 65. Of course fairminded jurists might find that the best way to resolve *any* uncertainty would be to empower the DOC to continue to proceed with the program for those who committed a crime while it was in place, thereby avoiding any *ex post facto* effect, but this court does not write from a clean slate. In light of these differences, it was not beyond the "possibility of fairminded disagreement" for the court of appeals to find that Onyeukwu's *ex post facto* claim lay "in the realm of speculation or conjecture," which was insufficient to carry his burden of showing significant risk of increased punishment. *Id*. at ¶ 66.

In sum, because petitioner has failed to meet the demanding standard for obtaining federal relief from a state court conviction, his application for habeas relief must be denied, although reasonable jurists *might* disagree with respect to this conclusion as to the *ex post facto* claim. Accordingly, petitioner is entitled to a certificate of appealability under 28 U.S.C. § 2253(c) only with respect to that issue.

ORDER

IT IS ORDERED THAT:

1. Petitioner Bernard Onyeukwu's petition for a writ of habeas corpus is DENIED in its entirety.

2. The clerk of court shall enter judgment for respondent and close this case.

3. A certificate of appealability shall issue only as to petitioner's *ex post facto* challenge.

Entered this 27th day of April, 2020.

                                BY THE COURT:

                                /s/

                                WILLIAM M. CONLEY
                                District Judge